United States District Court
Southern District of Texas
**ENTERED**
January 18, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | CRIMINAL ACTION NO. H-19-306 |
| v. | § | |
| | § | CIVIL ACTION NO. H-21-4255 |
| JAKOURI DAVON JONES | § | |

## MEMORANDUM OPINION AND ORDER

Defendant Jakouri Davon Jones, a federal prisoner proceeding *pro se*, filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 with a motion for equitable tolling of limitations. (Docket Entries No. 48, 49.) The Government filed a motion to dismiss, and served defendant a copy at his address of record on October 5, 2022. (Docket Entry No. 65.) To-date, defendant has failed to respond to the Government's motion and the motion is unopposed.

Having considered the section 2255 motion, the motion to equitably toll, the motion to dismiss, the record, and the applicable law, the Court **DENIES** the motion for equitable tolling, **GRANTS** the motion to dismiss, and **DISMISSES** defendant's section 2255 motion for the reasons shown below.

## I. BACKGROUND AND CLAIMS

On March 19, 2020, defendant pleaded guilty to three counts of Hobbs Act robbery in violation of 18 U.S.C. § 951(a); one count of discharging a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii); and one count of brandishing a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). On

August 5, 2020, the Court sentenced defendant to an aggregate term of 252 months' imprisonment, to be followed by a three-year term of supervised release. Judgment of conviction was entered on August 10, 2020. (Docket Entry No. 46.)

Defendant filed the instant motion for relief under section 2255 on December 10, 2021; the motion was docketed on January 11, 2022. In his motion, defendant claims that defense counsel was ineffective in failing to argue that Hobbs Act robbery is not a crime of violence and cannot serve as a predicate offense for his 18 U.S.C. § 924(c) convictions. He further claims that counsel was ineffective in not arguing that this Court erred when it sentenced him to consecutive sentences for his § 924(c) convictions.

The Government argues that defendant's habeas grounds are barred by the applicable one-year statute of limitations and he shows no entitlement to equitable tolling. It further argues that, even if the claims were timely, they lack merit. As noted above, defendant has not opposed the Government's motion to dismiss.

## II.  LEGAL STANDARDS

Generally, there are four grounds upon which a defendant may move to vacate, set aside, or correct his sentence pursuant to section 2255:  (1) the imposition of a sentence in violation of the Constitution or the laws of the United States; (2) a lack of jurisdiction of the district court that imposed the sentence; (3) the imposition of a sentence in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Section 2255

is an extraordinary measure, and cannot be used for errors that are not constitutional or jurisdictional if those errors could have been raised on direct appeal. *United States v. Stumpf*, 900 F.2d 842, 845 (5th Cir. 1990). If the error is not of constitutional or jurisdictional magnitude, the movant must show the error could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

The pleadings of a *pro se* prisoner litigant are reviewed under a less stringent standard than those drafted by an attorney, and are provided a liberal construction. *Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, a *pro se* litigant is still required to provide sufficient facts to support his claims, and "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993). Accordingly, "[a]bsent evidence in the record, a court cannot consider a habeas petitioner's bald assertion on a critical issue in his *pro se* petition . . . to be of probative evidentiary value." *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983).

### III. ANALYSIS

Section 2255 proceedings are governed by the one-year limitation found in 28 U.S.C. § 2255(f). Under section 2255(f)(1), a section 2255 motion is due one year from "the date on which the judgment of conviction [became] final." Here, judgment was entered on August 10, 2020, and no direct appeal was taken. Thus, defendant's convictions became final fourteen days later on August 24, 2020, when the time allowed for filing a notice of

appeal in a criminal case expired. *See United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008); FED. R. APP. P. 4(b)(1)(A). Limitations thus expired one year later, on August 24, 2021. Defendant did not utilize the "mailbox rule" in filing his section 2255 motion; however, the motion is file-stamped as received by the Clerk's Office on December 10, 2021. Consequently, defendant's motion is untimely by almost four months.

Acknowledging that his section 2255 motion was untimely filed, defendant asks that limitations be equitably tolled. (Docket Entry No. 48.) The one-year limitation for section 2255 proceedings is not a jurisdictional bar, and is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). The United States Supreme Court has made clear that a federal habeas petitioner may avail himself of the doctrine of equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013) (citing *Holland*, 560 U.S. at 649). However, equitable tolling is only available in cases presenting "rare and exceptional circumstances." *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002). The petitioner bears the burden of proving entitlement to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

As grounds for equitable tolling in this instance, defendant broadly argues that the COVID-19 pandemic and facility library lockdowns made it unreasonably difficult for him to file a timely habeas petition. However, courts in this circuit have found that diminished library access that did not actually prevent a petitioner from filing did not constitute an

extraordinary circumstance for purposes of equitable tolling. *See Ramos, III v. Lumpkin*, No. 5:20-CV-1448, 2021 WL 3410314 (W.D. Tex. Aug. 4, 2021); *White v. Director, TDCJ-CID*, No. 6:19-CV-231, 2021 WL 978760 (E.D. Tex. Mar. 16, 2021).   Defendant does not claim that his prison facility was unable to accept and send out mail to the courts, and he presents no credible evidence showing that the COVID-19 pandemic or library lockdown actually prevented his timely filing of a section 2255 motion.   Moreover, defendant does not show that he  had been diligently pursuing his legal interests.

Defendant's motion for equitable tolling (Docket Entry No. 48) is **DENIED**.

Even assuming defendant were entitled to equitable tolling, his habeas claims warrant no relief.  Trial counsel was not ineffective in failing to argue applicability of *United States v. Davis*, ___U.S.___, 139 S. Ct. 2319 (June 24, 2019), during sentencing.  In *Davis*, the Supreme Court held that § 924(c)'s residual clause was unconstitutionally vague.  *Davis*, 139 S. Ct. at 2336. The statute's elements or use-of-force clause, however, remains valid. *See United States v. Smith*, 957 F.3d 590, 593–94 (5th Cir. 2020) (affirming application of § 924(c) post-*Davis* because bank robbery qualifies as a crime of violence under § 924(c)'s elements clause).  Hobbs Act robbery remains a crime of violence under the "elements clause" of § 924(c)(3)(A). *See United States v. Bowens*, 907 F.3d 347, 353 (5th Cir. 2018); *see also United States v. Hill*, 35 F.4th 366, 395 (5th Cir. 2022) ("Our precedents establish that Hobbs Act robbery is a crime of violence under the elements clause.").

Nor was trial counsel ineffective in failing to argue that this Court erred in sentencing defendant to consecutive sentences for his § 924(c) convictions. Under § 924(c)(1)(A), this Court was required to impose a seven-year sentence as to defendants' § 924(c) conviction for brandishing a firearm and a ten-year sentence as to his § 924(c) conviction for discharging a firearm. Under § 924(c)(1)(d)(ii), the Court was required to impose these sentences consecutively to any other term of imprisonment. Thus, the Court correctly ordered the sentences to run consecutively to each other and to the terms of incarceration for the robbery counts, and counsel was not ineffective in failing to argue otherwise.

## IV.   CONCLUSION

Defendant's motion for equitable tolling (Docket Entry No. 48) is **DENIED**. The Government's motion to dismiss (Docket Entry No. 65) is **GRANTED**, and defendant's section 2255 motion (Docket Entry No. 49) is **DISMISSED WITH PREJUDICE**. A certificate of appealability is **DENIED**.

Signed at Houston, Texas, on _____ JAN 1 8 2023 _____.

_____
ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE